*Margin note: TERRILL v. VAN BIBBER.*

---

## MILES v. CRAIG.

Police juries are authorized to establish ferries, and to annex penalties to violations of the exclusive privileges they may grant to the lessees of such ferries. Stats. 25 March, 1813, s. 5 ; 24 February, 1843, ss. 17, 18. But the statutes granting such powers must be strictly construed, and the exercise of the powers conferred limited to the precise terms of the grant. Where a statute empowers a police jury to declare the penalties for violations of the rights to ferries which it may accord, but confers no authority on the police jury to delegate to individuals, to whom such ferries may be leased, the right to enforce those penalties in civil actions, in their own names, the authority will be presumed to have been intentionally withheld. The jury alone, in their own name, can enforce the penalty; the lessee of a ferry, in such a case, has no remedy for a violation of his privileges, but by an action for damages and an injunction.

APPEAL from the District Court of Bossier, *Olcott*, J. *Lawson*, for the appellant, cited Greiner's Dig. art. 2619. 3 La. 94. 16 La. 296. *Spofford*, for the defendant. The judgment of the court was pronounced by

MILES
*v.*
CRAIG.

KING, J. The act of 24 February, 1843, (Acts p. 19, ss. 17, 18) creating the parish of Bossier, confers upon the police jury of that parish the exclusive power of establishing ferries within its limits, and grants it the further authority to declare, "the penalties for all violations of the privileges of ferry which they may award." Under the authority of this act, the jury established a ferry across Benoist's bayou, which was leased to the plaintiff. Subsequently an ordinance was passed, prohibiting any person from putting a new ferry, or keeping a free ferry, on any of the bayous or lakes in the parish, within one mile of any ferry established by the police jury, under the penalty of $50 for each day that such ferry should be kept. The ordinance further declares that, the lessees of public ferries shall be entitled to the penalties incurred for the violation of their rights. The plaintiff has instituted this action to recover a large amount of fines incurred for alleged violations of his exclusive privilege by the defendant, and to enjoin the latter from further interfering with his rights as lessee of the ferry. The defendant, in his answer, denies the power of the jury to establish ferries, or to declare penalties for violations of such privileges, or to confer upon the lessees the right of enforcing such penalties. The judgment of the District Court rejected the plaintiff's demand, and dissolved the injunction; and he has appealed.

It is shown that the defendant kept a ferry boat on Benoist's bayou for his private use, as is permitted by the ordinance, but in which he also crossed his acquaintances free of charge; that it was within less than a mile of the ferry kept by the plaintiff under his lease from the police jury; and that defendant owns the land on both sides of the stream, at the point of his crossing.

Of the right of the police jury to establish ferries, and to annex penalties to the violation of the exclusive privileges which they may grant to the lessees of such ferries, no reasonable doubt can be entertained. This right exists not only under the act of 1843, but also under the laws in force previous to its enactment. B. and C.'s Dig. p. 640, s. 5. But while the State may delegate to corporations a part of its authority to declare penalties, as has been done in the present instance, such statutes will be strictly construed, and the exercise of the powers conferred, limited to the precise terms of the legislative grant. The only authority given to the police jury of Bossier, by the statute to which we have been referred, is to declare the penalties to be incurred for violating rights of ferry, which they may accord. This power implies, necessarily, that of enforcing such penalties. But these acts confer no authority on the jury to delegate to individuals the right of enforcing these penalties, in civil actions, in their own names; and, in the absence of such express grant, it will be deemed to have been intentionally withheld. Under the authority granted by the legislature, the jury alone, in their own name, could have proceeded to enforce the penalty alleged to have been incurred by the defendant. Wilcock on Corporations, 374, (Law Library, vol. 14.) The only civil remedies of the plaintiff were, an action of damages, and an injunction. To the latter he had recourse, and, under the evidence, we think that it was necessary for the protection of his ferry privileges, and that it was improperly dissolved.

It is, therefore, ordered that, so much of the judgment of the District Court as dissolved the injunction issued in this case be reversed, and that said injunction be reinstated and made perpetual. In other respects the judgment is affirmed; the defendant paying the costs of both courts.